IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ANNIE R. COCHRAN | * |
| Plaintiff | * |
| VS. | * |
| | *    NO: 4:09CV00761 SWW |
| I.C. CORPORATION and LOCAL 1762 UNITED AUTO WORKERS | * |
| Defendants | * |

## ORDER

Plaintiff Annie R. Cochran ("Cochran") brings this employment discrimination action *pro se* against I.C. Corporation ("I.C."), her former employer, and Local 1762 United Auto Workers under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA"). Before the Court are Defendants' motions to dismiss (docket entries #13, #18). The time for responding has passed, and Cochran has not filed a response. After careful consideration, and for reasons that follow, Defendants' motions to dismiss will be granted and this action will be dismissed with prejudice for failure to exhaust administrative remedies.

In her complaint, Cochran alleges that she was laid off from work on January 24, 2008, and "they started calling back in 2009." Cochran alleges that she was not recalled based on a disability. On September 1, 2009, Cochran filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), which states as follows:

> I was hired in April 1993. I was injured on the job. I was laid off January 24, 2008, and discharged January 28, 2009. Others with less seniority have been recalled, but I have not been recalled. The plant manager said since I can't operate a drill I would not be recalled. I believe I was laid off, discharged, and not recalled because I have a record of a disability in violation of the Americans with Disabilities Act of 1990,

as amended.

Docket entry #2, Attach.  Cochran filed a second EEOC charge dated September 3, 2009, which states as follows:

> After being laid off I have not been recalled.  I was injured on the job and it is difficult for me to operate a drill.  However, I have done almost all other positions since 1998 and have acquired many other skills.  Employees with less seniority and skills than I have been recalled.
>
> I was told that if I cannot operate a drill then I will not be recalled to work.
>
> I believe I have not been recalled because I am regarded as being disabled in violation of the Americans with Disabilities Act of 1990, as amended.

Compl., Attach.  On September 9 and 10, 2009, the EEOC issued Cochran right-to- sue notices regarding the aforementioned  EEOC charges.  Compl., Attach.

In support of their motions to dismiss, Defendants assert that Cochran failed to exhaust her administrative remedies as required by law.  Title VII establishes an administrative exhaustion requirement that a complaining employee must follow before filing a lawsuit in federal court, and that requirement applies to claims brought pursuant to the ADA.  *See* 42 U.S.C. § 12117(a).  "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81, 109 S.Ct. 2363, 2374-75, 105 L.Ed.2d 132 (1989)).  To exhaust administrative remedies an individual must (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue.  *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218,

222 (8th Cir. 1994).  For a charge of discrimination to be timely filed, it must be filed within 180 days of the alleged discriminatory incident.  42 U.S.C. § 2000e-5(e)(1); *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 796 (8th Cir. 1998).

The record shows that Cochran missed the 180-day filing period for submitting an administrative charge.  On her complaint form, Cochran states that she was laid off on January 24, 2008, "they" started calling back in 2009, and she was finally discharged January 28, 2009.  Although Cochran does provide the dates on which I.C. recalled employees to work, it can be inferred from the information provided that the recall period fell between January 1, 2009 and January 28, 2009.

Cochran filed her first EEOC charge on September 1, 2009, and she filed a second charge on or after September 3, 2009, the date appearing beside her signature.  Both charges were filed more than 180 days from the date Cochran was laid off, the time period during which I.C. failed to recall her, and the date of her final termination. Cochran provides no basis for tolling the limitations period for filing an EEOC charge, and the Court finds that her complaint must be dismissed for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (docket entries #13, #18) are GRANTED.  Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 12TH DAY OF APRIL, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE